IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WARREN WILLIAMS, et al.,

    Plaintiffs,      No. CIV S-11-2090 MCE DAD PS

    v.

INDYMAC BANK, FSB, et al.,     <u>ORDER</u>

    Defendants.

_____/

    This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiffs Warren Williams and Bernice Williams have each requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiffs however have submitted incomplete, and partially illegible, in forma pauperis applications. Specifically, plaintiff Warren Williams has indicated in his in forma pauperis application that over the past twelve months he received money from a pension, annuity or life insurance, and received money from disability or workers compensation. (Warren Williams In Forma Pauperis Application (Doc. No. 2) at 1.) However, Mr. Williams did not describe the source of the money or state the amount received and what he expected to continue to receive, all of which information is requested by the form. Moreover, many of Mr. Williams' written responses on his in forma pauperis application are illegible. The in forma pauperis application submitted on behalf of Bernice Williams suffers from the same defects. (<u>See</u> Bernice

Williams In Forma Pauperis Application (Doc. No. 3) at 1-2.)  Plaintiffs' applications to proceed in forma pauperis will therefore be denied without prejudice to their filing of properly completed and legible in forma pauperis applications.

Moreover, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiffs' complaint is deficient in several respects.  First, the court notes that plaintiffs have not listed a phone number in the upper left hand corner of the complaint and

neither plaintiff has signed the complaint that they filed with this court.  Each plaintiff's name, address, and telephone number must be included in the upper left-hand corner and each plaintiff must sign each document filed on behalf of all plaintiffs.  Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

Second, while plaintiffs' complaint makes vague, conclusory and passing references to 15 U.S.C. § 6101, the Uniform Commercial Code, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, plaintiffs' amended complaint is devoid of any cause of action based on federal law.

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1         The burden of establishing jurisdiction rests upon plaintiff as the party asserting
2  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
3  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
4  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
5  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
6  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
7  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
8  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
9  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter
10 jurisdiction . . . and may be dismissed sua sponte before service of process.").
11        The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which
12 confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also
13 be conferred by federal statutes regulating specific subject matter.  District courts have "original
14 jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United
15 States." 28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal
16 law creates a cause of action.  A case may also arise under federal law where 'it appears that
17 some substantial, disputed question of federal law is a necessary element of one of the well-
18 pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise
19 Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The
20 "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal
21 question is presented on the face of the plaintiff's properly pleaded complaint.  California v.
22 United States, 215 F.3d 1005, 1014 (9th Cir. 2000).
23        "'Arising under' federal jurisdiction only arises . . . when the federal law does
24 more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l
25 Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere
26 presence of a federal issue does not automatically confer federal-question jurisdiction, and

1  passing references to federal statutes do not create a substantial federal question. Lippitt v.
2  Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion
3  Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "When a claim can be supported by alternative and
4  independent theories – one of which is a state law theory and one of which is a federal law theory
5  – federal question jurisdiction does not attach because federal law is not a necessary element of
6  the claim." Rains, 80 F.3d at 346; see also Lippitt, 340 F.3d at 1043.

7  Third, while several causes of action are listed in the caption of plaintiffs'
8  complaint, there are no causes of action alleged in the body of the complaint. Moreover, the
9  allegations of the complaint do not identify the actions of any individual defendant named in the
10 caption of the complaint. Instead, the non-specific term "defendant" is used by plaintiffs
11 throughout the complaint in connection with their factual allegations.

12 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
13 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
14 state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
15 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
16 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
17 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
18 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting
19 Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity
20 overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at
21 649.

22 Finally, a claim of fraud is listed in the caption of plaintiffs' complaint. When a
23 plaintiff raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with
24 particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the
25 specific fraudulent conduct against which they must defend, but also 'to deter the filing of
26 complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the

harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2]  Here, plaintiffs have failed to plead the minimum evidentiary facts required under Rule 9(b).

Accordingly, for all of the reasons cited above, plaintiffs' complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiffs may amend their complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

---

[2] Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' complaint will therefore be dismissed with leave granted to file an amended complaint. Plaintiffs are cautioned, however, that if they elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiffs' amended complaint must include concise but complete factual allegations describing the conduct and events which underlie their claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Warren Williams' August 8, 2011, application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.

2. Plaintiff Bernice Williams' August 8, 2011, application to proceed in forma pauperis (Doc. No. 3) is denied without prejudice.

3. The complaint filed August 8, 2011 (Doc. No. 1) is dismissed with leave to amend.

4. Within twenty-eight days from the date of this order, an amended complaint be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

5. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: December 12, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\williams2090.ifp.ord